UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Robert C. Emerson,

        Plaintiff,

v.                                      Civil Action No. 1:10-CV-11750-WGY

Wells Fargo Bank, N.A., d/b/a
Wells Fargo Home Mortgage

        Defendant.

## DEFENDANT, WELLS FARGO BANK, N.A.'S ANSWER TO PLAINTIFF'S SUPPLEMENTAL COMPLAINT

### SUMMARY

1.     Denied.

### FEDERAL JURISDICTION

2.     The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint, and accordingly, denies same and demands proof therefore at the time of trial.

3.     Admitted.

4.     The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint, and accordingly, denies same and demands proof therefore at the time of trial.

5.     Denied.

6.     Denied.

### PARTIES

2. [sic]     The answering defendant is without knowledge or information sufficient to form a

belief as to the truth of the allegations in this paragraph of the complaint, and accordingly, denies same and demands proof therefore at the time of trial.

3. [sic]    Admitted.

## FACTUAL BACKGROUND
### Background on Foreclosure Crisis

4. [sic]    Denied.

5. [sic]    Denied.

6. [sic]    Denied.

7.          Denied.

8.          Denied.

### Creation of HAMP to Combat the Foreclosure Crisis

9.          Admitted.

10.         Admitted with exception that "HAMP" is not a law or regulation, but a *voluntary* federal government program.

11.         Admitted that some servicers enter into agreements with the federal government to receive benefits from a federal program, otherwise denied.

12.         Denied.

13.         Denied.

14.         Denied.

15.         Denied.

16.         Denied.

17.         Denied as stated.  It is admitted only that Wells Fargo contracts with certain

2

government entities to service mortgages and elects to participate in some aspects in some aspects of the HAMP program.

18.   Denied.

19.   Denied.

**COUNT I**
**Breach of Contract – Third Party Beneficiary**

20.   Answering defendant re-avers its answers to paragraphs 1 through 19 (along with the plaintiff's mis-numbered paragraphs) of the complaint as if set forth fully herein.

21.   Denied.

22.   Answering defendant neither admits nor denies the allegation as the same refers to a written document that speaks for itself and accordingly, no response is required.  To the extent the plaintiff alleges this document governs his relationship with Wells Fargo and HAMP, such allegation is denied.

23.   Denied.

24.   Denied. As a matter of law, he is not.

25.   Denied.

26.   Denied.

27.   Denied.

28.   Denied.

29.   Denied. As a matter of law, he is not.

30.   The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint, and accordingly, denies same and demands proof therefore at the time of trial.

3

31.    Denied.

32.    The answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint, and accordingly, denies same and demands proof therefore at the time of trial.

33.    Answering defendant neither admits nor denies the allegation as the same refers to a written document that speaks for itself and accordingly, no response is required.  To the extent the plaintiff alleges this document governs his relationship with Wells Fargo and HAMP, such allegation is denied.

34.    Answering defendant neither admits nor denies the allegation as the same refers to a written document that speaks for itself and accordingly, no response is required.  To the extent the plaintiff alleges this document governs his relationship with Wells Fargo and HAMP, such allegation is denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied

41.    Denied.

42.    Denied.

43.    Denied.

4

## COUNT II
### Violation of Duty of Good Faith and Fair Dealing

44.     Answering defendant re-avers its answers to paragraphs 1 through 43 of the complaint as if set forth fully herein.

45.     The allegations in this paragraph of the complaint are conclusions of law to which no response is required.  To the extent the allegations in this paragraph of the complaint are deemed to be allegations of fact, they are denied.

46.     The allegations in this paragraph of the complaint are conclusions of law to which no response is required.  To the extent the allegations in this paragraph of the complaint are deemed to be allegations of fact, they are denied.

47.     Denied.

48.     Denied

## COUNT III
### Negligence

49.     Answering defendant re-avers its answers to paragraphs 1 through 48 of the complaint as if set forth fully herein.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

## COUNT IV
### Massachusetts Consumer Protection Act, M.G.L. c. 93A, §2

54.     Answering defendant re-avers its answers to paragraphs 1 through 53 (along with the plaintiff's mis-numbered paragraphs) of the complaint as if set forth fully herein.

55.   The allegations in this paragraph of the complaint are conclusions of law to which no response is required.  To the extent the allegations in this paragraph of the complaint are deemed to be allegations of fact, they are denied.

56.   The allegations in this paragraph of the complaint are conclusions of law to which no response is required.  To the extent the allegations in this paragraph of the complaint are deemed to be allegations of fact, they are denied.

57.   The allegations in this paragraph of the complaint are conclusions of law to which no response is required.  To the extent the allegations in this paragraph of the complaint are deemed to be allegations of fact, they are denied.

58.   The allegations in this paragraph of the complaint are conclusions of law to which no response is required.  To the extent the allegations in this paragraph of the complaint are deemed to be allegations of fact, they are denied.

59.   Denied.

60.   The allegations in this paragraph of the complaint relate to a specific document which speaks for itself and no answer is required.  In addition, the allegations in this paragraph of the complaint are conclusions of law to which no response is required.  To the extent the allegations in this paragraph of the complaint are deemed to be allegations of fact, they are denied.

61.   The allegations in this paragraph of the complaint relate to a specific document which speaks for itself and no answer is required.  In addition, the allegations in this paragraph of the complaint are conclusions of law to which no response is required.  To the extent the allegations in this paragraph of the complaint are deemed to be allegations of fact, they are denied.

62.   The allegations in this paragraph of the complaint relate to a specific document which

6

speaks for itself and no answer is required. In addition, the allegations in this paragraph of the complaint are conclusions of law to which no response is required. To the extent the allegations in this paragraph of the complaint are deemed to be allegations of fact, they are denied.

63.   Denied.

64.   The allegations in this paragraph of the complaint relate to a specific document which speaks for itself and no answer is required. In addition, the allegations in this paragraph of the complaint are conclusions of law to which no response is required. To the extent the allegations in this paragraph of the complaint are deemed to be allegations of fact, they are denied.

65.   Denied.

66.   Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant states that plaintiff's Complaint fails to state a claim against it upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant states that service of process upon it in this matter is insufficient.

### THIRD AFFIRMATIVE DEFENSE

Defendant states that the process served upon it in this matter is insufficient.

### FOURTH AFFIRMATIVE DEFENSE

Defendant states that plaintiff is barred from recovery in this action by the doctrine of unclean hands.

7

### FIFTH AFFIRMATIVE DEFENSE

Defendant states that plaintiff is barred from recovery in this action by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

Defendant states that its conduct in the action or transactions alleged is exempted by Mass. General Laws c. 93A, § 3(1)(a) from the provisions of c. 93A. § 9, as conduct otherwise permitted under laws as administered by a regulatory board, agency or officer acting under statutory authority of the Commonwealth and/or the United States of America, and that applicable Federal Law pre-empts any state law claims.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant denies that plaintiff has been injured by its alleged conduct and, therefore, plaintiff is not entitled to recovery from defendant pursuant to Mass. General Laws c. 93A.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant states that plaintiff has failed to make a proper written demand for relief on it pursuant to Mass. General Laws c. 93A, § 9 and, therefore, plaintiff is precluded from recovery from defendant pursuant to Mass. General Laws c. 93A.

### NINTH AFFIRMATIVE DEFENSE

Defendant states that the plaintiff, by his own acts and conduct, is estopped to assert that defendant now owes him anything.

### TENTH AFFIRMATIVE DEFENSE

Defendant states that the plaintiff breached the terms of the agreements alleged and, therefore, defendant does not owe the plaintiff any sum of money and cannot be liable for damages, if any.

8

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant states that this Court lacks jurisdiction over the subject matter of plaintiff's Complaint as the amount in controversy for diversity is not met and no federal questions are presented.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant states that this action must be dismissed due to the existence of a prior pending action in the Commonwealth.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state with sufficient particularity the circumstances which plaintiff alleges constitutes fraud and misrepresentation on the part of defendant and Counts IV of the Complaint should therefore be dismissed.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover due to his failure to mitigate his damages, if any.

### SIXTEENTH AFIRMATIVE DEFENSE

Defendant denies that it has in any manner breached the terms of the note and mortgage to plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant states that any claims of the plaintiff under the laws of the Commonwealth of Massachusetts are preempted by applicable laws of the United States.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant states that plaintiff has not been damaged in any way by defendant's alleged conduct and, therefore, plaintiff is not entitled to recover.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant states that plaintiff, by his own acts and conduct, has waived any and all rights he may have against defendant and, therefore, plaintiff is not entitled to recover.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant states that this action should be dismissed due to misnomer of a party.

RESPECTFULLY SUBMITTED,

WELLS FARGO BANK, N.A.,
BY ITS ATTORNEYS
LITCHFIELD CAVO LLP

Date: <u>December 29, 2010</u>

<u>/s/ Mark A. Darling</u>
Mark A. Darling, BBO #: 551285
darling@litchfieldcavo.com
6 Kimball Lane, Suite 100
Lynnfield, Massachusetts 01940
Telephone:  781-390-1500
Fax: 781-246-0167

10

CERTIFICATE OF SERVICE

I, Mark A. Darling, Esquire, hereby certify that on December 29, 2010, I served the within document electronically, and by mail to:

>Josef Culik, Esquire
>Culik Law P.C.
>100 Cummings Center
>Suite 107-K
>Beverly, MA 01915

>/s/ Mark A. Darling
>Mark A. Darling

11